Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Ella Hushagen, SBN 297990
ella.hushagen@eeoc.gov
Alisha Ansari, SBN 312875
alisha.ansari@eeoc.gov
Derek Li, SBN 150122
derek.li@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3032
Facsimile: (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | • **CIVIL RIGHTS; EMPLOYMENT DISCRIMINATION** |
| | • **ADA** |
| RADIANT SERVICES CORP., BARONHR, LLC, and DOES 1-10, inclusive, | 42 U.S.C. §§ 2000e, *et seq.* |
| Defendants. | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (Black, White, and Asian) and national origin (non-Hispanic), sex (male and female), and disability and perceived disability to provide appropriate relief to the Charging Parties and a class of similarly aggrieved individuals (collectively "Claimants") that were adversely affected by such practices. As set forth in detail in this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff," "Commission," or "EEOC") alleges that Defendants Radiant Services Corp. ("Radiant") and BaronHR, LLC ("Baron") (collectively, "Defendants") unlawfully refused to recruit, refer and hire the Charging Parties based on their race (Black or African American). The EEOC also alleges that Defendants unlawfully failed to recruit, refer and hire a class of similarly aggrieved claimants based on race (Black, Asian and White), national origin (non-Hispanic), and sex (male and female) in violation of Title VII. The EEOC alleges that Defendant Baron failed to recruit, refer and/or hire based on disability, perceived disability, and/or record of disability through adoption of unlawful qualification standards in violation of the ADA.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), Section 107(a) of the ADA, 42 U.S.C. § 12117(a), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of

California.

## **PARTIES**

3.     Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff", "EEOC" or "the Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and the ADA.  Plaintiff is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 107(a) of the ADA, which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Radiant has continuously been a California corporation doing business as a commercial laundry facility with one location in Gardena, California, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Radiant has continuously been an "employer" engaging in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g), and (h), with operations in California, including Gardena, California.

6.     At all relevant times, Defendant Baron has continuously been a California limited liability corporation doing business as a staffing agency, providing temporary workers in Gardena, California and other locations throughout the country and has continuously had at least 15 employees. Baron's corporate headquarters are in Anaheim, California.

7.     At all relevant times, Defendant Baron has continuously been an "employer" engaging in an industry affecting commerce under Sections 701(b), (c), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g), and (h), with operations throughout California, and in numerous other states.

8.     At all relevant times, Defendant Baron has been and is a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2), and Baron is an employer engaged in an industry affecting commerce under Section 101(5) of the

ADA, 42 U.S.C. § 12111(5)(A).

9.    At all relevant times since at least 2015, Defendants acted as joint employers. Specifically, Defendants shared and exercised control over the terms and conditions of employment. Defendants jointly identified and screened qualified applicants for temporary work at Radiant; they jointly supervised the workers' daily work, recommended and/or took employment actions including hiring, discipline, and termination.  Defendants were responsible for preventing discriminatory hiring practices.

10.    All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved, and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

11.    Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 5, inclusively, and therefore Plaintiff sues defendant(s) by fictitious names.  The EEOC reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known.  Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## **ADMINISTRATIVE PROCEDURES**

12.    More than thirty days prior to the institution of this lawsuit, Charging Parties filed charges of discrimination with the Commission alleging violations of

Title VII by Baron against them and a class of similarly situated workers on the basis of race (Black).

13.     More than thirty days prior to the institution of this lawsuit, EEOC Commissioner Chai Feldblum filed Commissioner Charges against Radiant and Baron alleging Defendants' violations of Title VII and the ADA and ADAAA.

14.     Subsequent to the charges of discrimination, the Commission investigated the Charging Parties' and Commissioner Feldblum's allegations of Defendants' unlawful employment practices.

15.     On or about February 12, 2021, the Commission issued its Letters of Determination to Defendants finding reasonable cause to believe that Title VII and the ADA were violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

16.     The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission. On or about September 22, 2021 the Commission issued to Defendants a Notice of Failure of Conciliation.

17.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS
## TITLE VII—FAILURE TO RECRUIT, REFER AND/OR HIRE BASED ON RACE (BLACK, ASIAN AND WHITE) AND NATIONAL ORIGIN (NON-HISPANIC)

(Against All Defendants)

18.     Since at least 2015, Defendants have engaged in unlawful employment practices, including a pattern or practice of such unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) & (b), based on race (Black, Asian, and non-Hispanic white) and/or

national origin (non-Hispanic). The unlawful employment practices include but are not limited to:

      a.    Failing to recruit, refer and hire Black, Asian, and White applicants for employment.

      b.    Screening out non-Hispanic applicants.

19.    The Charging Parties are Black women. One Charging Party applied for work through Baron in May 2013, and regularly inquired about employment opportunities. On or about March 4, 2015, Charging Party visited Baron's Carson office to inquire about positions.  She saw a group of workers training for assignment.  Charging Party asked a Baron receptionist where the workers were being placed, and if she was eligible.  Baron's representative responded that the workers were in training to work at Baron's laundry contract client (*i.e.*, Radiant), and the client does not hire Black workers. Baron never referred Charging Party for employment.

20.    Two other Charging Parties applied for employment at Baron's Carson, California office.  They made numerous inquiries to Baron regarding employment opportunities.  Baron never referred them for employment.

21.    Radiant consistently maintained a largely homogeneous Hispanic/Latino(a) workforce at its Gardena facility.

22.    Baron consistently referred and assigned a largely homogenous Hispanic/Latino(a) workforce throughout its offices nationwide.

23.    These unlawful employment practices were sufficiently frequent to be Defendants' regular procedure or practice and constitute a pattern or practice of resistance to the full enjoyment of rights protected under Title VII in violation of Section 706, 42 U.S.C. § 2000e-5.

24.    The unlawful employment practices complained of in paragraphs 18-23 above were intentional and caused Charging Parties and a class of aggrieved individuals to suffer emotional distress.

25.     The unlawful employment practices complained of in paragraphs 18-23 above were done with malice or with reckless indifference to the federally protected rights of Charging Parties and a class of aggrieved individuals. Such practices as described above have been ongoing in giving preference to Hispanic/Latino(a) applicants.  These practices and preferences systematically applied throughout Defendants' organizations.

## TITLE VII—FAILURE TO RECRUIT, REFER AND/OR HIRE BASED ON SEX (MALE AND FEMALE)

### (Against All Defendants)

26.     Since at least 2015, Defendants have engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) & (b) based on sex (male and female).

      a.     Defendants failed to recruit, refer and hire male and female applicants for low-skill positions based on their sex.

      b.     Radiant requested male workers for specific positions (*e.g.*, sorting and transporting heavy loads), and female workers for specific positions (*e.g.*, folding and ironing), and thereby excluded male and female temporary workers seeking employment from employment opportunities.

      c.     Baron acquiesced to Radiant's discriminatory requests for male and female temporary workers for specific employment opportunities.

27.     Baron ratified, acquiesced and/or implemented discriminatory preference for men or women for specific employment opportunities throughout its offices nationwide.

28.     These unlawful employment practices were sufficiently frequent to be Defendants' regular procedure or practice and constitute a pattern or practice of

resistance to the full enjoyment of rights protected under Title VII in violation of Section 706, 42 U.S.C. § 2000e-5.

29.     The unlawful employment practices complained of in paragraphs 26-28 above were intentional and caused Charging Parties and a class of aggrieved individuals to suffer emotional distress.

30.     The unlawful employment practices complained of in paragraphs 26-28 above were done with malice or with reckless indifference to the federally protected rights of Charging Parties and a class of aggrieved individuals. Such practices as described above have been ongoing in giving preference to men and women, respectively, for specific assignments.  These practices and preferences systematically applied throughout Defendants' organizations.

<u>**ADA—FAILURE TO RECRUIT, REFER AND HIRE**</u>
<u>**BASED ON DISABILITY, RECORD OF DISABILITY,**</u>
<u>**AND/OR REGARDED AS DISABLED**</u>

(Against Baron)

31.     Since at least 2015, Defendant Baron has engaged in an unlawful employment practice in violation of 42 U.S.C. §§ 12112(d)(2)(A) and 12112(b)(6), based on disability and perceived disability.

32.     Baron uses an unlawful qualification standard by recruiting and referring physically fit candidates with no history of injury, which excludes individuals with disabilities, perceived disabilities, and record of disability in violation of the ADA.

33.     Baron acquiesced to at least one client's requests for only physically fit workers with no current or prior medical conditions or injuries.

34.     Baron screened out candidates based on disability, perceived disability or record of disability.

35.     The effect of Baron's qualification standard has been to deprive Claimants of equal employment opportunities and otherwise adversely affect their working conditions because of disability or perceived disability.

36.     The unlawful employment practices complained of in paragraphs 31-35 above were intentional and caused a class of aggrieved individuals with disabilities and/or perceived disabilities to suffer emotional distress because of Baron's ADA violations.

37.     The unlawful employment practices complained of in paragraphs 31-35 above were and are done with malice or with reckless indifference to the federally protected rights of a class of aggrieved individuals who were subjected to Baron's pre-offer disability-related inquiries and its qualification standards that were not job-related.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining each Defendant, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices in violation of Sections 703(a) and (b) of Title VII.

B.     Grant a permanent injunction enjoining Baron, its officers, successors and assigns and all persons in active concert or participation with Baron, from engaging in any employment practices in violation of the ADA.

C.     Order each Defendant to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful practices in violation of Sections 703(a) and (b) of Title VII.

D.     Order Baron to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful practices in violation of the ADA, 42 U.S.C. §§ 12112(d)(2)(A) and 12112(b)(6).

E.     Order Baron to make whole the Charging Parties by providing:

1.     Appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

2.     Compensation for past and future pecuniary and non-pecuniary losses pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial; and,

3.     Punitive damages for its malicious and/or reckless conduct in an amount to be determined at trial.

F.     Order Defendants to make whole the class of aggrieved individuals who were harmed by Defendants' discriminatory hiring practices in violation of Title VII by providing:

1.     Appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

2.     Compensation for past and future pecuniary and non-pecuniary losses pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be

3.     Punitive damages for their malicious and/or reckless conduct in an amount to be determined at trial.

G.     Award the Commission its costs of this action.

H.     Grant such further relief as the Court deems necessary and proper in the public interest.

//

//

# **JURY TRIAL DEMAND**

     The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  September 13, 2022

                                    Respectfully Submitted,

                                    GWENDOLYN YOUNG REAMS,
                                    Acting General Counsel

                                    U.S. EQUAL EMPLOYMENT
                                    OPPORTUNITY COMMISSION
                                    131 "M" Street, N.E.
                                    Washington, D.C. 20507

By:    _____

                                    ANNA Y. PARK,
                                    Regional Attorney
                                    Los Angeles District Office
                                    U.S. EQUAL EMPLOYMENT
                                    OPPORTUNITY COMMISSION