FERRIS & BRITTON
A Professional Corporation
  Michael Weinstein (State Bar No. 106424)
  Scott H. Toothacre (State Bar No. 146530)
  Elyssa L. Kulas (State Bar No. 317559)
501 West Broadway, Suite 1450
San Diego, California 92101
Telephone: 619-233-3131
Facsimile:  619-232-9316
mweinstein@ferrisbritton.com
stoothacre@ferrisbritton.com
ekulas@ferrisbritton.com

Attorneys for Defendant
BARONHR, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>    vs.<br><br>RADIANT SERVICES CORP., BARONHR, LLL, and DOES 1-10, inclusive,<br><br>            Defendants.<br>BARONHR, LLC,<br><br>            Cross-Claimant,<br><br>    v.<br><br>RADIANT SERVICES CORP,<br><br>            Cross-Defendant. | Case No. 2:22-cv-06517 GW (RAO)<br><br>**DEFENDANT BARONHR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM AGAINST RADIANT SERVICES CORP.**<br><br>**JURY TRIAL DEMANDED** |

Defendant, BARONHR, LLC (hereafter "Defendant Baron" or "BaronHR"), hereby answers the Complaint of Plaintiff, U.S. EQUAL EMPLOYMENT

1

Case No. 2:22-cv-06517 GW (RAO)
**DEFENDANT BARONHR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM AGAINST RADIANT SERVICES CORP.**

OPPORTUNITY COMMISSION (hereafter "Plaintiff" or "EEOC"). Paragraph numbers of this Answer correspond to paragraph numbers of the Complaint. Defendant Baron also cross-claims against fellow defendant Radiant Services Corp. (hereafter "Radiant") as follows:

## ANSWER

1. Defendant Baron admits the allegations of paragraph 1.

2. Defendant Baron admits the allegations of paragraph 2, except as follows: Defendant denies the allegation that it engaged in unlawful employment practices.

3. Defendant Baron admits the allegations of paragraph 3.

4. Defendant Baron lacks sufficient information and belief to admit or deny the allegations of paragraph 4 regarding defendant RADIANT SERVICES CORP. (hereafter "Defendant Radiant" or "Radiant") and denies the allegations on that basis.

5. Defendant Baron lacks sufficient information and belief to admit or deny the allegations of paragraph 5 regarding Defendant Radiant and denies the allegations on that basis.

6. Defendant Baron admits the allegations of paragraph 6.

7. Defendant Baron admits the allegations of paragraph 7.

8. Defendant Baron admits the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9, except as follows: Defendant Baron admits that it was a joint employer with Defendant Radiant during a period of time since at least 2015 until sometime in 2018 and during that time was responsible for preventing discriminatory hiring practices by its personnel.

10. Defendant denies the allegations of paragraph 10.

11. Defendant Baron lacks sufficient information and belief to admit or deny the allegations of paragraph 11.

12. Defendant Baron admits the allegations of paragraph 12.

13. Defendant Baron admits the allegations of paragraph 13.

14. Defendant Baron admits the allegations of paragraph 14.

2

Case No. 2:22-cv-06517 GW (RAO)
**DEFENDANT BARONHR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM AGAINST RADIANT SERVICES CORP.**

15. Defendant Baron admits the allegations of paragraph 15, except as follows: Defendant Baron denies that it violated Title VII and the ADA.

16. Defendant Baron admits the allegations of paragraph 16.

17. The allegations of Paragraph 17 are not factual allegations but rather a legal conclusion that Defendant Baron is not required to admit or deny.

## STATEMENT OF CLAIMS

## TITLE VII – FIRST CLAIM

18. Defendant Baron denies the allegations of paragraph 18.

19. Defendant Baron denies the allegations of paragraph 19, except as follows: Defendant Baron admits that on or about March 4, 2015, Charging Party Whitfield visited Baron's Carson office.

20. Defendant denies the allegations of paragraph 20, except as follows: Defendant Baron admits that Charging Party Burton applied for employment and Baron's Carson office.

21. Defendant Baron lacks sufficient information and belief to admit or deny the allegations of paragraph 21 regarding Defendant Radiant and denies the allegations on that basis. Further, Defendant Baron submits that the alleged term "largely homogeneous Hispanic/Latino(a) workforce" is vague and ambiguous.

22. Defendant denies the allegations of paragraph 22. Further, Defendant Baron submits that the alleged term "largely homogeneous Hispanic/Latino(a) workforce" is vague and ambiguous.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

## TITLE VII – SECOND CLAIM

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

3

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

### ADA – THIRD CLAIM

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 33 and denies the allegation on that basis.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim Upon Which Relief Can Be Granted)

The First Claim fails to state facts sufficient to constitute a cause of action or a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim Upon Which Relief Can Be Granted)

The Second Claim fails to state facts sufficient to constitute a cause of action or a claim upon which relief can be granted.

#### THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim Upon Which Relief Can Be Granted)

The Third Claim fails to state facts sufficient to constitute a cause of action or a claim upon which relief can be granted.

#### FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The First Claim is barred or recovery is limited by the applicable statute of limitations.

4

Case No. 2:22-cv-06517 GW (RAO)
**DEFENDANT BARONHR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM AGAINST RADIANT SERVICES CORP.**

FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The Second Claim is barred or recovery is limited by the applicable statute of limitations.

SIXTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The Third Claim is barred or recovery is limited by the applicable statute of limitations.

SEVENTH AFFIRMATIVE DEFENSE

(Waiver and/or Estoppel)

Each claim in the Complaint is barred by the doctrines of waiver and/or estoppel.

EIGHTH AFFIRMATIVE DEFENSE

(Laches and/or Unclean Hands)

Each claim in the Complaint is barred by the doctrines of laches and/or unclean hands.

NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

To the extent any damages alleged in the Complaint exist, the failure to mitigate damages bars Charging Parties and the Plaintiff from recovering any such damages.

TENTH AFFIRMATIVE DEFENSE

(Additional Unknown Affirmative Defenses)

Defendant reserves the right to assert any unknown or unascertained affirmative defense(s) applicable to Plaintiff's claim and will seek leave of court to amend this Answer to assert same if and when such affirmative defenses become known or ascertained.

///

///

5

Case No. 2:22-cv-06517 GW (RAO)
**DEFENDANT BARONHR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM AGAINST RADIANT SERVICES CORP.**

## CROSSCLAIMS FOR EXPRESS INDEMNITY, EQUITABLE INDEMNITY AND COMPARATIVE CONTRIBUTION

Cross-Claimant, BaronHR, LLC (hereinafter "BaronHR") hereby brings this action against Cross-Defendant Radiant Services Corp. (hereinafter "Radiant").

### NATURE OF THE CROSS-CLAIM

38.   BaronHR brings this action against Radiant, a co-party to the lawsuit filed by Plaintiff U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), for express contractual indemnity, equitable indemnity, and comparative contribution.

### PARTIES

39.   At all relevant times, BaronHR has continuously been a Delaware limited liability company doing business as a staffing agency in California, providing temporary workers throughout California and throughout the country.  BaronHR's corporate headquarters are located in Anaheim Hills, California.

40.   Upon information and belief, during the time it did business with Radiant, Radiant was a California corporation operating as a commercial laundry facility with a location in Gardena, California.

### JURISDICTION AND VENUE

41.   The claim by BaronHR against Radiant arises out of the transaction or occurrence that is the subject matter of the original federal court action filed by Plaintiff EEOC.  Therefore, this Court has supplemental jurisdiction over the subject matter of this action under 28 U.S.C.S § 1367 and venue is proper.

### STATEMENT OF CLAIMS

42.   On September 13, 2022, the EEOC filed a lawsuit in the United States District Court, Central District of California, Case No. 2:22-cv-06517 against Radiant and BaronHR for (1) Title VII - the failure to recruit, refer, and/or hire based on race (Black, Asian, and White) and national origin (non-Hispanic); (2) Title VII – failure to recruit, refer, and/or hire based on sex (male and female); and (3) against BaronHR only, ADA – failure to recruit, refer, and hire based on disability, record of disability, and/or

6

Case No. 2:22-cv-06517 GW (RAO)
**DEFENDANT BARONHR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM AGAINST RADIANT SERVICES CORP.**

regarded as disabled.

43. Cross-Claimant BaronHR has specifically denied the allegations incurring liability brought against it by plaintiff EEOC.

44. If BaronHR is found in any manner liable to Plaintiff EEOC by virtue of its Complaint, either by way of judgment, settlement or otherwise, then Radiant must defend BaronHR, indemnify BaronHR, and hold BaronHR harmless under principles of contractual indemnification, and must reimburse BaronHR for any related costs incurred.

45. If BaronHR is found in any manner liable to Plaintiff EEOC by virtue of its Complaint, either by way of judgment, settlement or otherwise, then Radiant must defend BaronHR, indemnify BaronHR, and hold BaronHR harmless under principles of equitable indemnification, and must reimburse BaronHR for any related costs incurred.

## **EXPRESS CONTRACTUAL INDEMNITY**

(Against Cross-Defendant Radiant)

46. Cross-Claimant realleges and incorporates by reference is allegations in paragraphs 38 through 45 as if fully set forth herein.

47. BaronHR and Radiant entered in to a Staffing Agreement, dated March 26, 2015. A true and correct copy of the Staffing Agreement is attached hereto as Exhibit A.

48. The Staffing Agreement provides that BaronHR "will hire employees for assignment at [Radiant]'s place of business in accordance with the job requirements and job descriptions provided by [Radiant]."

49. BaronHR has duly performed all of its obligations and duties under the Staffing Agreement.

50. The Staffing Agreement provides that Radiant "shall be responsible and hold [BaronHR] harmless from any willful, negligence act(s) or omissions by [Radiant], [Radiant]'s employees, representatives or agents, against any of [BaronHR]'s employees in violation of public policy, government, state, and/or federal laws."

7

Case No. 2:22-cv-06517 GW (RAO)
**DEFENDANT BARONHR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM AGAINST RADIANT SERVICES CORP.**

51. The Staffing Agreement also provides that Radiant "will provide a safe work environment for [BaronHR]'s employees including but not limited to maintaining its premises and work areas in compliance with all applicable health and safety laws, regulations and ordinances."

52. The EEOC alleges, among other things, conduct that may entitle the EEOC to compensatory damages and attorneys' fees it seeks against BaronHR, specifically back pay with prejudgment interest, past and future pecuniary and non-pecuniary losses, punitive damages, attorneys' fees and costs. BaronHR contends that it is not liable for events and occurrences described in Plaintiff EEOC's Complaint.

53. In the event that Plaintiff EEOC obtains a judgment or otherwise obtains any relief against BaronHR on any or all of the claims in the Complaint field in the above-referenced action, Radiant would be contractually required to pay the amount of such judgment or other relief directed against BaronHR.

54. BaronHR has been required to retain the services of an attorney to prosecute this crossclaim and is entitled to an award of attorney's fees and costs incurred herein pursuant to any statute, rule, or contractual provision allowing for the same.

55. BaronHR and Plaintiff's damages, if any, are a direct and proximate result of Radiant's conduct. Cross-Claimant BaronHR has been compelled to incur attorney's fees, court, and other costs to protect itself in this litigation, and, therefore, has been damaged. The amount of this damage is not known, and there will be further expenditures in order for BaronHR to respond to and defend the claims of Plaintiff, Radiant and/or individuals not yet named. Radiant is required pursuant to the indemnification provision to defend, indemnify, reimburse, and hold BaronHR harmless from and against any such liability, judgment, or settlement expense.

## **EQUITABLE INDEMNITY**

(Against Cross-Defendant Radiant)

56. Cross-Claimant realleges and incorporates by reference is allegations in paragraphs 38 through 55 as if fully set forth herein.

8

Case No. 2:22-cv-06517 GW (RAO)
**DEFENDANT BARONHR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM AGAINST RADIANT SERVICES CORP.**

57. BaronHR entered in to a written agreement with Radiant, and implied in such contract and/or agreement was a promise to BaronHR to indemnify and hold BaronHR harmless from Radiant's employment and hiring practices.

58. Radiant failed to use reasonable care in performing the work under the Staffing Agreement with BaronHR. Namely, Radiant allegedly implemented and engaged in unlawful employment and hiring practices, as alleged in Plaintiff's Complaint.

59. Radiant's conduct was a substantial factor in causing BaronHR's harm.

60. The EEOC alleges, among other things, conduct that may entitle the EEOC to compensatory damages and attorneys' fees it seeks against BaronHR, specifically back pay with prejudgment interest, past and future pecuniary and non-pecuniary losses, punitive damages, attorneys' fees and costs. BaronHR contends that it is not liable for events and occurrences described in Plaintiff EEOC's Complaint. BaronHR may be required to pay a court judgment in favor of EEOC because Radiant failed to use reasonable care in performing work under the Staffing Agreement with BaronHR.

61. BaronHR and Plaintiff's damages, if any, are a direct and proximate result of Radiant's conduct. Cross-Claimant BaronHR has been compelled to incur attorney's fees, court, and other costs to protect itself in this litigation, and, therefore, has been damaged as a result of the breach of Radiant's respective duties and obligations under the Staffing Agreement. The amount of this damage is not known, and there will be further expenditures in order for BaronHR to respond to and defend the claims of Plaintiff, Radiant and/or individuals not yet named.

62. If it is found that BaronHR is responsible for any of the allegations contained in Plaintiff's Complaint, then BaronHR is entitled to a declaration regarding its apportionment of fault in relation to that of BaronHR.

///

///

///

9

Case No. 2:22-cv-06517 GW (RAO)
**DEFENDANT BARONHR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM AGAINST RADIANT SERVICES CORP.**

## COMPARATIVE CONTRIBUTION

(Against Cross-Defendant Radiant)

63. Cross-Claimant realleges and incorporates by reference is allegations in paragraphs 38 through 62 as if fully set forth herein.

64. Cross-Claimant is informed and believes and based on information and belief allege that Radiant acted negligently and/or wrongfully in and about the matters set forth in Plaintiffs' Complaint and damages alleged therein were the direct and proximate result of said negligence and/or conduct.

65. If Plaintiff was, in fact, damaged as alleged, then said damages were solely and/or substantially caused by the negligence and/or wrongful conduct of Radiant and, therefore, BaronHR is entitled to have the percentage of negligence and/or wrongful conduct of Radiant determined by this Court.

66. In the event BaronHR is found liable to Plaintiff and judgment is entered accordingly, BaronHR is entitled to contribution or partial or total indemnity from Radiant in the amount which Radiant must pay to Plaintiffs for the proportion of that judgment which Radiant's negligence and/or wrongful conduct is found to have contributed to Plaintiff's damages.

## PRAYER FOR RELIEF

Wherefore, Cross-Claimant BaronHR respectfully requests the following relief:

1. The entry of judgment in favor of the Cross-Claimant on each and every cause of action;
2. That the court declare the rights, duties and obligations of the parties to this action, and render a judgment for Cross-Claimant against Radiant for the amounts found to be due to Cross-Claimant;
3. For a judicial determination that Radiant was the legal cause of any injuries or damages sustained by Plaintiff, and that Radiant indemnify Cross-Claimant, either completely or partially, for any sums which may be recovered against Cross-Claimant by Plaintiffs;

10

Case No. 2:22-cv-06517 GW (RAO)
**DEFENDANT BARONHR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM AGAINST RADIANT SERVICES CORP.**

4. For a judgment in favor of Cross-Claimant and against Radiant for the amount of any judgment rendered against them in favor of any party, together with expenses and attorneys' fees incurred in the defense of the actions filed against it, as well as those incurred in the maintenance of this crossclaim;

5. That Radiant pay toward the total of any judgment against Cross-Claimant an amount equal to the percentage of comparative fault or equal to the percentage of other legally culpable conduct of Radiant, in an amount not less than that portion of any judgment or order or liability rendered against Cross-Claimant that is attributable to the percentage of comparative fault assessed or assessable against Radiant and which is paid by, or on behalf of, Cross-Claimant or ordered to be so paid;

6. Interest, if applicable;

7. The award of costs of the suit and attorney's fees, if applicable; and

8. Such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues that are so triable.

Dated: December 30, 2022         FERRIS & BRITTON
                                 A Professional Corporation


                                 By: /s Michael R. Weinstein
                                     Michael R. Weinstein
                                 Attorneys for Defendant
                                 BARONHR, LLC

Case No. 2:22-cv-06517 GW (RAO)
**DEFENDANT BARONHR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND CROSSCLAIM AGAINST RADIANT SERVICES CORP.**