JS-6

Anna Y. Park, SBN 164242
Nakkisa Akhavan, SBN 286260
Ella Hushagen, SBN 297990
Shigufa Saleheen, SBN 341013
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3032
Facsimile: (213) 894-1301

Sophie N. Tarazi, SBN 329721
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 W. Beech Street, Suite 504
San Diego, CA 92101
Telephone: (213) 785-1610
Facsimile: (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> and <br><br> SANDRA WHITFIELD, <br><br> Plaintiff-Intervenor, <br><br> vs. | Case No.: CV 22-6517-GW-RAOx <br><br> **CONSENT DECREE RE RADIANT SERVICES CORP.** |

RADIANT SERVICES CORP.,
BARONHR, LLC, and DOES 1-10,
inclusive,

       Defendants.

Plaintiff U.S. Equal Employment Opportunity Commission (hereinafter "EEOC" or "Commission") and Defendant Radiant Services Corp. (hereinafter "Defendant" or "Radiant") hereby stipulate to entry of this Consent Decree to resolve the Commission's Complaint against Radiant in *U.S. Equal Employment Opportunity Commission v. Radiant Services Corp.*, filed on September 13, 2022 in the United States District Court for the Central District of California (the "Action"). The Complaint alleged Defendant discriminated against a class of non-Hispanic individuals (hereinafter referred to as the "Claimants") by failing to recruit and hire them based on their national origin (non-Hispanic) and/or race (Asian, Black, White), and a class of male and female workers by failing to recruit and hire them based on sex.  The Commission specifically alleged that Defendant subjected the Claimants to recruitment and hiring practices in violation of Section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, as amended ("Title VII").

## I.    <u>PURPOSES AND SCOPE OF THE CONSENT DECREE</u>

1.    The Parties to this Consent Decree ("Decree") are the EEOC and Radiant (collectively, the "Parties"). This Decree shall be binding on and enforceable against Radiant and its officers, directors, employees, agents, successors, and assigns.  The scope of this Decree is company-wide.

2.    The parties have entered into this Decree for the following purposes:

    a)    To provide appropriate monetary and injunctive relief;

    b)    To ensure that Defendant's employment practices comply with federal law;

3.     To ensure a workplace free from discrimination, especially as it relates to national origin and/or race discrimination;

4.     To provide training to Defendant's employees as to their rights under Title VII and Defendant's managers, supervisors, and hiring officials regarding their obligations and responsibilities while engaged in employment practices such as recruiting and hiring employees under Title VII;

5.     To review and revise Defendant's policies, practices, and procedures for recruiting and hiring employees;

6.     To provide an appropriate and effective mechanism for receiving and handling discrimination complaints in the workplace; and

7.     To avoid the expensive and protracted costs incident to this litigation.

## II.     <u>RELEASE OF CLAIMS</u>

8.     This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendant in this Action.

9.     Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

10.     Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII, or any other federal anti-discrimination statute.

11.     This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures as this Decree only resolves the issues, claims, and allegations raised by the EEOC against Defendant in this Action.

//

//

//

### III.   <u>JURISDICTION</u>

12.    The Court has jurisdiction over the Parties and the subject matter of this Action.  The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

13.    The terms and provisions of this Decree are fair, reasonable, and just.

14.    This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

15.    The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

### IV.   <u>EFFECTIVE DATE AND DURATION OF DECREE</u>

16.    The provisions of this Decree are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

17.    This Decree shall remain in effect for five (5) after the Effective Date. The Consent Decree may sunset in 4 years from the Effective Date at the EEOC's discretion if Defendant is in full compliance. Consent to which will not be unreasonably withheld.

### V.   <u>COMPLIANCE AND DISPUTE RESOLUTION</u>

18.    The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendant has breached.  Defendant shall have thirty (30) days from the written notice to attempt to resolve or cure the breach.  The Parties may agree to extend this period upon mutual consent.

19.    After forty-five (45) days, inclusive of the thirty (30) days to resolve or cure the breach referenced in paragraph 18, have passed from the written notice

with no resolution or agreement to extend the time, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time that the Court finds the Decree was not complied with and/or any other relief that the Court may deem appropriate.

20.     In the event of exigent circumstances, which includes non-payment, of the Settlement Amount, EEOC may petition the Court for resolution of the dispute without the adhering to provisions described above; the EEOC will give Defendant ten (10) business days from EEOC's notification of Defendant's legal counsel of record, or if not applicable, Defendant, to resolve the breach before petitioning the Court.

## VI.   <u>MODIFICATION AND SEVERABILITY</u>

21.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

22.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  If the parties are unable to reach an agreement, the Court shall order appropriate alternative provisions in order to effectuate the purposes of the Decree.  Should one or more provisions of this Decree be deemed unlawful, all other lawful and enforceable provisions will remain in full force and effect.

## VII.   <u>MONETARY RELIEF</u>

23.     In settlement of this Action, Defendant shall pay a total of $1.1 million ("Settlement Amount") to fully resolve all claims arising out of the Action.

24.     The EEOC shall have the sole discretion to determine eligibility and designation of the Claimants, characterization, and/or allocation of the Settlement

Amount.  Distribution of any monies shall be at the sole discretion of the EEOC to which Defendant shall not have any input.

25.    The Settlement Amount will be paid over one (1) year from the Effective Date.  Within thirty (30) days of the Effective Date, Defendant shall pay three hundred seventy-five thousand dollars ($375,000) to the Claims Administrator identified by the EEOC.  Thereafter, the remaining Settlement Amount shall be paid in three equal installments every three months to the Claims Administrator to hold in an interest-bearing Settlement Fund ("Settlement Fund") to be distributed to the Eligible Claimants by a Claims Administrator.  Defendant will provide the EEOC with written verification of the funding within three (3) business days of making or causing the required deposit. In the event of non-payment by the designated schedule, the EEOC can invoke Paragraph 20 of the Compliance Section in this Decree.

26.    Defendant Owner, Charles Keywanfar, shall execute a personal guarantee and a lien on property to guarantee satisfaction of payment under this Decree which is attached as Exhibit A.

27.    Defendant will not condition the receipt of monetary relief on any Claimant's agreement to (a) maintain as confidential the facts and/or allegations underlying their claim and the Complaint and the terms of this Decree; (b) waive their statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with Defendant; or (d) a non-disparagement and/or confidentiality agreement.

28.    Under no circumstances will any portion of the Claims Fund revert to Defendant. If any of the funds remain unclaimed, the EEOC will have the discretion to supplement payments made to Eligible Claimants.

## VIII. CLAIMS ADMINISTRATION

29.    Within thirty (10) days of the Entry Date, Defendant will hire a Claims Administrator identified and approved by the EEOC to oversee the claims

process and effect payments to Eligible Claimants as directed by the EEOC.  If the Claims Administrator initially hired by Defendant thereafter declines to serve or to carry out its duties under this Decree, Defendant will have ten (10) business days to notify the EEOC in writing of the need for a replacement Claims Administrator and will provide the EEOC with the name of a new Claims Administrator for approval by the EEOC.  If the EEOC objects to the appointment of the new Claims Administrator identified by Defendant, the Parties will meet and confer until they reach mutual agreement on a replacement Claims Administrator.  In the absence of a consensus of the parties, the EEOC may appoint a Claims Administrator.

30.     Defendant will cover all costs associated with the selection and retention of the Claims Administrator. Any interest earned from the Settlement Fund described above may also be used to offset any such costs and/or be used to pay Eligible Claimants at the EEOC's discretion.

31.     The Claims Administrator will work with the EEOC and Defendant to carry out the terms of this Consent Decree.  The Claims Administrator will be responsible for:  (a)  administering an interest-bearing account for the Settlement Fund and notifying the EEOC and Defendant when the account is established and ready for deposit of the Settlement Fund; (b) receiving and holding the Settlement Fund in an interest-bearing account until distribution; (c) establishing an informational website accessible to the Parties and Potential Claimants; (d) establishing an email address, mobile phone number, and/or other digital means of contact accessible to Potential Claimants to submit questions and Claim Forms; (e) establishing a toll-free telephone number accessible to Potential Claimants; (f) responding to information requests from Potential Claimants; (g) sending notices and Claim Forms to Potential Claimants; (h) obtaining updated addresses for Potential Claimants and re-mailing returned notices; (i) receiving and processing Claim Forms as provided in the Consent Decree; (j)  communicating, receiving, and processing documents from and with Potential and Eligible

Claimants; (k) sending notices of ineligibility to those Claimants determined by the EEOC not to be Eligible Claimants; (l) issuing payments to Eligible Claimants in accordance with the final Distribution List provided by the EEOC; (m) calculating withholding and payroll taxes and issuing tax reporting forms to each Eligible Claimant who receives a settlement payment; (n) depositing the employer-share of payroll taxes with the appropriate taxing authorities; (o) filing tax returns and issuing IRS Form 1099's with respect to the Settlement Fund; (p) communicating as necessary with the EEOC and Defendant; (q) tracking all necessary data regarding contact with Potential and Eligible Claimants; (r) reissuing checks where required in consultation with the EEOC; (s) distribution of the Settlement Fund; and (t) final distribution of the Settlement Fund, if any.

32.    Within thirty (30) calendar days after being retained, the Claims Administrator will establish: (a) a website that will be accessible to the EEOC and Potential Claimants; (b) an email address for purposes of communicating with Potential Claimants by email; and (c) a toll-free telephone number that will be accessible to Potential Claimants.

33.    Information posted on the website and available in a recorded message on the toll-free telephone number will be limited to the general information included in the Notice of Settlement sent to Potential Claimants or updated information as to the status of the claim process (*e.g.*, claim-filing deadline; projected distribution date when known).  The website will provide information regarding the Settlement Fund and how to complete the Claim Form. The website shall include an embedded Claim Form and the Claim Form shall also be available for download by Potential Claimants.  The website shall also explain how Potential Claimants can seek assistance in completing the Claim Form.

34.    Within thirty (30) days of the retention of the Claims Administrator, Defendant will submit to the EEOC advertisements regarding the resolution of the lawsuit and how to file a claim. Once the EEOC has provided feedback, Defendant

or the Claims Administrator will post the advertisement on broad-use sites including, but not limited to, Facebook, Indeed, ZipRecruiter, Monster, LinkedIn, CareerBuilder, and regional publications.  The advertisements will run for 90-120 days. Defendant will pay all costs associated with the advertisements, if any.

### A.   Notice of Settlement and Claim Form

35.   After the Claims Administrator is retained, the EEOC will work with the Claims Administrator to develop a claims process including a notice and claim form. The EEOC will make the final determination regarding the form and contents of these documents.

### B.   Mailing Notice of Settlement, Claim Form, and Utilization of Media

36.   In addition, the EEOC will provide the Claims Administrator with a List of Potential Claimants who have already been identified.

37.   The Claims Administrator will provide Notice to Potential Claimants via text, email, and/or publication with of the Claims Process and provide a link to the Notice of Settlement and the Claim Form.  If a text and/or email is not successful, then the Claims Administrator will mail via USPS Priority Mail the notice of the claims process through the term of the Decree.  The Claims Administrator will provide to the EEOC information of the claims process sent and received via text, email, publication, and mail on a weekly basis.
For each Notice that is returned as undeliverable via text, email, or mail, the Claims Administrator will work with the EEOC on whether researching follow up contact information is necessary.  If the EEOC deems it necessary, then within twenty (20) calendar days of receiving notification from the EEOC the Claims Administrator will:  (1) research the Potential Claimant's most-recent address, using best efforts and a database search to locate the Potential Claimant; (2) resend the claims process information to the new or different contact information via USPS Priority Mail if a new or different address is obtained or via a new text

and/or email; and (3) advise the EEOC of the efforts taken to local the Potential

Claimant if no new or different address is obtained.

    C.    **Claim Form Evaluation**

    38.    The Claims Administrator will provide to the EEOC electronically all

the Claim Forms and accompanying information submitted by each Claimant for

the EEOC's use in assessing who is an Eligible Claimant.  The EEOC has sole

discretion in determining the scoring criteria, eligibility, and monetary relief

amounts for each Claimant.

    39.    The EEOC shall provide the Claims Administrator one or more lists

of Eligible Claimants including their names, current addresses, the amount to be

paid to each, the classification of such amounts to be paid, and any additional

relevant identifying information ("Distribution List").  The EEOC, based on the

claims process, will submit subsequent Distribution Lists.

    D.    **Notice and Payment to Eligible Claimants**

    40.    Upon receiving the Distribution List(s) from the EEOC, the Claims

Administrator will pay each Eligible Claimant on the EEOC's approved

Distribution List(s).  The Claims Administrator will issue a 1099 for all payments

made.

    E.    **Claims Administrator Reports**

    41.    On a quarterly basis, the Claims Administrator will provide regular

reports to the EEOC regarding its efforts to contact Claimants, the mailing of

checks the depositing of checks by Claimants, and an accounting of the Settlement

Fund including any interest. The Claims Administrator will provide EEOC with

copies of checks and IRS 1099 forms.

## IX.   **GENERAL INJUNCTIVE RELIEF**

    42.    Defendant, its directors, officers, agents, managers (including all

supervisory employees), other employees, successors, assigns, and all those in

active concert or participation with them, or any of them, shall be enjoined from discriminating against any individual on the basis of national origin, race, or sex including, without limitation, failing to recruit and hire non-Hispanic individuals, and failing to recruit and hire men and women.

43.     Defendant, its directors, officers, agents, managers (including all supervisory employees), other employees, successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from implementing or permitting any action, policy, or practice that subjects any current or former employee or applicant of Defendant to retaliation, because he or she has in the past, or during the duration of this Decree: a) opposed any practice made unlawful under Title VII; b) filed a charge of discrimination with the EEOC alleging such practice; c) testified or participated in any manner in an internal or external investigation or proceeding relating to any claim of a violation of Title VII; d) been identified as an Eligible Claimant with respect to the Action; e) asserted any right under this Decree; or e) sought or received any relief in accordance with this Decree.

44.     Defendant, its directors, officers, agents, managers (including all supervisory employees), other employees, successors, assigns, and all those in active concert or participation with them, or any of them, shall maintain, and are enjoined from destroying, all hiring and placement related materials with respect to all positions, including but not limited to, job postings, applications, resumes, inquiries concerning work opportunities, correspondence with potential applicants or Staffing Agencies concerning opportunities for work, applicant evaluations, notes concerning interviews, and information regarding individuals placed or referred for work for the duration of this Decree.  This includes, but is not limited to, applications for hire by both successful and non-successful applicants. All such materials must be retained in their original form or in an accessible electronic format.

## X.   SPECIFIC INJUNCTIVE RELIEF

### A. EEO Coordinator

45.     Within thirty (30) after the Effective Date, Defendant will designate an internal EEO Coordinator ("Coordinator") who will interface with the EEOC to monitor Defendant's compliance with this Decree.  The Coordinator shall be subject to the EEOC's approval, which shall not be unreasonably withheld.

46.     Defendant's EEO Coordinator will be primarily responsible for implementing, documenting, and reporting to the EEOC the following provisions:

a)     Drafting and implementing policies and procedures prohibiting discrimination against applicants and employees based on race, national origin, and sex;

b)     Drafting and implementing complaint procedures for addressing complaints of discrimination by applicants and employees, to ensure that Defendant fully complies with Title VII and all requirements set forth in this Decree;

c)     Ensuring all officers and employees, including managers, supervisors, and human resources officers, are trained on their rights and responsibilities under Title VII, Defendant's anti-discrimination policies and procedures, and this Decree, including the responsibility to provide a workplace free of discrimination, and to report and/or promptly respond to all allegations or complaints;

d)     Reviewing Defendants' centralized tracking system or Complaint Log, to track and provide feedback on Defendant's: practices for documenting complaints; document retention; investigation and resolution; and the remedial action and disciplinary action taken in response to complaints;

e)     Reviewing and modifying Defendant's Recruitment Plan including, but not limited to, reviewing Defendant's job descriptions, job postings, and communications with Defendant's staffing agencies to ensure compliance with its Title VII recruitment and hiring responsibilities;

    f)     Preparing semi-annual reports and an exit report to the EEOC regarding Defendant's progress and compliance under this Decree;

    g)    Ensuring distribution of documents as required by this Decree and that training and occurs; and providing information to the EEOC for monitoring purposes.

    47.    Defendant shall ensure that the EEO Coordinator and the EEOC will have access to all records, documents, and data which the EEOC deems necessary or appropriate to ensure Defendant's compliance under this Consent Decree, including: (1) Payroll data maintained by Defendant for all current employees, including the name, sex, e-mail address, and telephone number of each employee; (2) its Outlook database files as maintained by Defendant related to all employees or applicants who applied, sought work, or were placed by Defendant's staffing agencies; and (3) records showing Defendant's requests to its staffing agencies for the number of hours of temporary work by pay period, the number of hours of temporary work Defendant actually procured from its staffing agencies by pay period, the number of hours temporary worker(s) actually worked for Defendant by pay period, the hourly rate and hours Defendant paid for each temporary worker. The EEOC may also inspect Defendant's premises and records, and interview with Defendant's officers, agents, applicants, employees, including recruiters, contractors, and staffing agencies. The EEOC may directly contact Defendant's applicants or employees, including to obtain information about their hiring and placements.

**B.** **Website Statement of Equal Opportunity**

    48.    Within thirty (30) days of entry of this Decree by the Court, Defendant will include the following language <u>in bold</u> on its website confirming that Defendant is an equal opportunity employer, specifically stating that Defendant will not discriminate based on race, national origin, sex, or disability, and indicating how to lodge a complaint. The font size of this language will be

equal to or greater than the font size of all other language, other than headers and logos. The language will state as follows:

> Radiant Services Corp. is an Equal Opportunity Employer. We do not discriminate on the basis of race, national origin, color, religion, sex, pregnancy, age or disability or any other status protected by law.  If you believe you were subjected to discrimination, you should contact _____ at _____ to make a complaint.

49.     Defendant will certify in writing to the EEOC that it has posted this language to its website.

### C. Posting and Distribution of Notices

50.     Within seven (7) business days of the Effective Date and for duration of the Consent Decree, Defendant will conspicuously post and maintain a Notice of Lawsuit and Resolution, attached as Exhibit B to this Decree, at its facility in Gardena, California, in all prominent places where employee notices are posted. Within seven (7) business days of posting, Defendant will certify to the EEOC in writing that it has posted a copy of the Notice of Lawsuit and Resolution.

51.     Within thirty (30) days after the Effective Date, Defendant will begin providing to all applicants, who seek employment with Defendant directly or through Defendant's staffing agencies, a hard copy of the Statement to Applicants, that the EEOC will provide to Defendant to distribute, at the time of their interview. The Statement affirms Defendant's commitment to equal employment opportunity and advises applicants that they may contact the EEOC if they believe that they were not hired or placed because of their race, national origin, or sex, or that they were placed in certain positions or denied opportunities because of their race, national origin, or sex. Within ten (10) days of beginning to provide all new applicants during an interview the Statement to Applicants, Defendant will certify to the EEOC in writing that it is in compliance with this term. Annually thereafter,

Defendant will certify to the EEOC that it has provided the Statement to Applicants during interviews.

52.     Within thirty (30) days after the EEOC provides the letter to the Defendant, Defendant will issue a Letter to its staffing agencies signed by President Charles Keywanfar (or his designated representative), describing the obligations of Defendant and its staffing agencies under federal anti-discrimination laws and emphasizing Defendant's commitment to abide by such laws. Within forty-five (45) days from receiving the letter from the EEOC, Defendant must certify to the EEOC that it has given the letter to staffing agencies to all of its staffing agencies. Annually thereafter, Defendant shall certify to the EEOC that it has provided the letter to staffing agencies to all of its existing staffing agencies. Defendant will provide a copy of the letter to staffing agencies to all new staffing agencies within seven (7) days of engagement.

**D. <u>Relationship with Staffing Agencies</u>**

53.     Within thirty (30) days of Defendant's selection of an EEO Coordinator, Defendant will instruct the staffing agencies with which they do business ("staffing agencies") to provide Defendant's Statement to Applicants to all applicants for employment with Defendant at the time of application, and Defendant's anti-discrimination Policies and Procedures to all employees placed at Defendant's facility by staffing agencies no more than five (5) days after their initial assignment.

54.     Each Staffing Agency will be informed to cooperate with the EEOC in providing information to carry out the terms of this Decree.

55.     Defendant will instruct its staffing agencies to notify Defendant within three (3) days of any complaint made by an applicant or employee regarding discrimination on the basis of race, national origin, or sex. Defendant's EEO Coordinator will review and participate in the investigation of any complaints raised by temporary workers seeking assignment or placed at Defendant's facility.

56.     Defendant's EEO Coordinator will instruct recruiters and on-site supervisors for the staffing agencies to undergo the anti-discrimination training for Defendant's managers, supervisors, and hiring officers at least once while working with Defendant to recruit and refer temporary workers. The Coordinator will facilitate training of its staffing agencies' employees and certify their attendance to the EEOC once per year.

57.     Defendant will provide its staffing agencies copies of its Recruitment Plan and informed to keep records required under this Decree.

58.     Defendant's EEO Coordinator will instruct staffing agencies to maintain and provide Defendant with copies of all applications and related documentation necessary for Defendant to maintain the Applicant Flow Data described in this Decree where the applicant specifically sought employment with Defendant or where the staffing agency considered the applicant a candidate for employment with Defendant.

59.     The EEO Coordinator shall notify the EEOC of the name, address, and contact information of all staffing agencies Defendant is utilizing on a quarterly basis from the Effective Date.

60.     Any investigations and complaints shall be provided to the EEOC to assess compliance under this Decree on a quarterly basis from the Effective Date.

**E.  <u>Anti-Discrimination Policies and Procedures</u>**

61.     Within sixty (60) days after the Effective Date, Defendant shall create or revise its written recruitment and hiring policies to ensure they prohibit discrimination based on race, national origin, and sex in the workplace.

62.     Defendant's policies shall include, at a minimum:

a)     A strong and clear commitment to a workplace free from discrimination, harassment, and retaliation;

b)     A clear explanation of prohibited conduct under the Policy, including an explanation that making discriminatory requests to staffing

companies for temporary workers based on race, national origin, and sex is prohibited;

c)     Clear instructions to all applicants and employees about how to make a complaint of discrimination, including identifying the person(s) to whom a complaint can be made;

d)     A description of Radiant's procedure for responding to complaints of discrimination, consistent with the requirements in this Decree;

e)     Assurance that applicants and/or employees who make complaints of discrimination or provide information related to such complaints will be protected against retaliation;

f)     A requirement that all managers and supervisors escalate all verbal and written complaints of discrimination they receive to the Defendant's HR Director within three (3) days of receiving such a complaint;

g)     A description of the possible consequences, up to and including termination, that will be imposed for violation of the anti-discrimination policy by any Radiant employee, including managers and supervisors; and

h)     Assurance that Radiant's disciplinary policies hold all employees, including owners, managers, and supervisors, accountable for engaging in prohibited conduct such as making discriminatory requests to staffing agencies and/or failing to take appropriate action as required by its policies and procedures.

63.    Defendant's EEO Coordinator will provide Defendant's revised policies to the EEOC within seventy-five (75) days of the Effective Date. The EEOC will provide feedback to the EEO Coordinator.

64.    Within ninety (90) days after the Effective Date, Defendant shall distribute this revised Policy to all employees, including direct and temporary

employees, in English and Spanish and annually thereafter. Thereafter, Defendant shall distribute the revised Policy within five (5) days of the hire date of any new employee(s), including direct and temporary employees.

**F. Centralized Tracking and Investigation of Complaints**

65. Within sixty (60) days after the Effective Date, Defendant will establish an independent online complaint system where employees, applicants, and witnesses may make any allegations of discrimination, harassment, and retaliation. Defendant shall notify all employees and applicants via notice posting, notify all staffing agencies via the letter described above, and include on every job posting a statement that anyone can direct complaints of discrimination directly to the dedicated e-mail address. The EEO Coordinator will report to the EEOC of the implementation and provide the EEOC an opportunity to evaluate the online system prior to implementation.  The EEOC shall have access to the online system.

66. Within ninety days (90) days after the Effective Date, Defendant shall create and maintain a procedure for the centralized tracking of applicant and employee complaints based on race, national origin, and sex.  These tracking records shall include the following information:

a) The name(s) and contact information of the individual(s) alleging discrimination;

b) The date and nature of the complaint;

c) A description of the alleged discriminatory events and the dates the events took place;

d) Whether the individual alleging discrimination is Defendant's direct employee or if s/he was referred by a staffing agency, and (if the latter) the name and contact information of the staffing agency;

e) The names of the alleged perpetrators of discrimination, including whether the alleged perpetrator has been the subject of any previous complaints of discrimination or retaliation;

f)      The identity of the supervisor, manager or human resources personnel who investigated and/or made a determination regarding the complaint;

g)      A description of what the supervisor, manager or human resources personnel did when s/he conducted an investigation into the complaint;

h)      The results of Defendant's investigation and subsequent determination regarding the complaint; and

i)      Description and dates of any remedial action taken, if any, in response to the complaint.

67.      Defendant's EEO Coordinator will notify the EEOC of any complaint (formal or informal, written or oral, internal or external) of discrimination based on race, national origin or sex from any employee or applicant within three (3) days of receipt, and provide the name, home address, telephone number, and e-mail address of the complainant; the name of the alleged discriminator; the name, home address, telephone number, e-mail address of any witnesses; and a summary of the complaint. Defendant must provide any additional information or documentation within its custody, possession, or control requested by the EEOC on a quarterly basis from the Effective Date.

68.      The Defendant will provide the EEOC with a report and the underlying documents every three (3)) months: (1) detailing all complaints of discrimination based on race, national origin, sex and/or disability received during the period and the particulars of the complaint; (2) describing all steps taken to investigate each complaint; (3) and all documents related to the complaint, the investigation, and results of any investigations including notes, reports, and documents. The written report will also include a copy of any findings or resolutions reached concerning any investigation concluded during the quarterly reporting period, including any corrective action taken by Defendant.

G. **Training**

69.     Defendant shall conduct training for all employees as set forth below on an annual basis throughout the term of this Decree.

70.     Non-management employee training. Within ninety (90) days of the Effective Date and annually thereafter, Defendant shall provide training to all non-managing employees, including direct and temporary employees.  The training shall be conducted in English and Spanish and shall cover federal laws regarding Defendant's revised Policies and complaint process, and prohibited employment discrimination based on race, national origin, and sex. All persons required to attend such training shall verify their attendance in writing.

71.     Training for managers, supervisors, hiring officials, and human resources. Within ninety (90) days of the Effective Date and annually thereafter, Defendant shall provide training to its human resources, hiring officials, managers, and supervisors. All persons required to attend such training shall verify their attendance in writing.

        a)     Defendant's EEO Coordinator or its HR Manager may serve as the trainer. If the Defendant utilizes a third-party to conduct the training, then the EEO Coordinator will provide the EEOC information related to the third-party trainer's experience and education. Defendant must identify the trainer and submit all training materials to the EEOC for review and comment, and inform the EEOC of the date, time, and place of the training no later than forty-five (45) days prior to holding the first training session.

        b)     The training will, at a minimum: explain the rights of applicants and employees under federal anti-discrimination laws; explain proper recruitment and hiring practices that are consistent with Title VII; describe or portray real-world examples of unlawful conduct, specifically as it relates to interviewing, screening, and hiring and placement of workers; encourage

bystander reporting; review Radiant's anti-discrimination policies including anti-retaliation provisions; and describe Radiant's record-retention policy.

72.     Defendant's training shall be conducted in-person and be interactive, with real-world scenarios, opportunities for question-and-answer sessions, and a post-training quiz to test participants' comprehension and retention. The training shall be conducted in English and Spanish.

73.     Defendant shall provide the training materials to the EEOC and the date, time, and location of the trainings set forth in this Decree.  The EEOC may attend the training to evaluate compliance.  If the Defendant utilizes a third-party to conduct the training, then the EEO Coordinators will inform the EEOC of information related to the third-party trainer.  The training materials will be provided to the EEOC forty- five (45) days in advance of any training to be conducted as set forth in this Decree.

74.     In addition, Defendant shall submit to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree. This includes the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

### H. Recruitment

75.     Within sixty (60) days after the Effective Date, Defendant shall create and implement a Recruitment Plan to increase the pool of non-Hispanic applicants for consideration in all of Defendant's job openings. The recruitment plan shall include:

a)     Providing written notice of all job openings;

b)     Ensuring that all job postings and communications to Defendant's staffing agencies emphasize all positions are open regardless of race, national origin, and sex;

      c)     Ensuring that all job postings have no indication of Spanish language requirement, unless justified by actual business necessity; i.e., Spanish is not required for low skill or entry level positions; and

      d)     Job postings reach a diverse applicant pool by posting on at minimum one site of broad usage, including, but not limited to, Indeed, ZipRecruiter, Facebook, Monster, CareerBuilder, LinkedIn, Craigslist, and local publications.

76.    Defendant will submit the Recruitment Plan to the EEOC within seventy-five (75) days of the Effective Date for the EEOC's feedback.

77.    Defendant shall provide the EEOC with a report quarterly from the Effective Date regarding its Recruitment Plan. The Recruitment Plan report shall specifically provide:

      a)     A detailed description of each program/process which Defendant implemented to recruit individuals who are non-Hispanic;

      b)     The date that each program/process was implemented;

      c)     The name(s) and job title(s) of those employees responsible for implementing each program/process;

      d)     Copies of all documents reflecting proof of the recruitment being undertaken; and

      e)     Holding employees involved in the recruitment process accountable for implementing the Recruitment Plan.

The EEOC will be sent the recruitment plan before implementation.

**I.  Applicant Flow Data and Log**

78.    Defendant shall maintain all job applications (including all documents submitted by the applicants in connection with the application process through any staffing agency) and applicant flow data for the entire duration of this Decree and as required under federal law. To the extent Defendant uses temporary staffing agencies, an external online service, and/or any third-party service for applicants to

apply for positions with Defendant, Defendant must ensure to download all applications and/or documents produced by the applicants during the Decree, and maintain such documents according to federal law and under this Decree. Defendant shall also maintain all documents related to those applicants they considered for hire and ultimately hired, including notes related to the selection process.  Defendant shall produce the Applicant Flow Log and all related documents as described below to the EEOC semi-annually.

79.    Defendant shall create and maintain an Applicant Flow Log for each job opening during the Decree.  Defendant shall submit the Applicant Flow Log in Excel with links to the relevant attachments to the EEOC on a semi-annual basis for review as described.  The Applicant Flow Log and attachments shall include the following information for each job opening:

a)    Date of the opening;

b)    Job title and description;

c)    Where all advertisements were placed in connection with recruiting for the position, as well as a link to copies of the job announcement;

d)    Identities of the staffing agencies Defendant worked with to fill positions;

e)    Number of applications and inquiries received;

f)    Name, contact information, race, national origin, and sex of the applicants;

g)    Any documentation submitted by the applicants in connection with the application process;

h)    The names and job titles of any individuals involved in the recruitment and hiring process;

i)    Whether and when the applicant was interviewed;

j)      Any records or documents pertaining to the selection process, including, but not limited to, interview notes;

k)      Name, race, national origin, and sex of the selected applicant by position; and

l)      If the applicant was not selected, the reason for the denial, if any; and

m)      Any complaints made by applicants regarding discrimination during the recruitment and hiring process.

The Defendant and the EEO Coordinator will work with the EEOC to provide documents to ensure monitoring of the hiring and recruitment practices, including providing communication by and between the Defendant and staffing agencies.

**J.   Hiring Goals**

80.      Defendant shall use Best Efforts to hire at least 30-40 % of new hires (including any workers placed by staffing agencies) into laborer and driver positions each year are Black, Asian, White, and other non-Hispanic workers to more closely approximate the percentage of non-Hispanic hires that would be expected based on the composition of the relevant labor pool to promote equal employment opportunity under this Decree.   If Defendant fails to meet this annual hiring goal, Defendant shall explain the basis for the deficiency and work with the EEOC on additional steps to achieve compliance. The EEOC shall review Defendant's good faith compliance with its obligations under this Section.

81.      Defendant will work to ensure that male and female applicants are given equal opportunity to pursue all positions in the facility, and that positions and departments are not segregated by sex. Defendant will report to the EEOC every six months about its efforts to ensure gender equity into all positions throughout all departments in Defendant's facility. The EEOC shall be permitted to conduct periodic physical inspections of Defendant's premises to verify whether

Defendant's jobs are segregated by sex. The EEOC will provide ten (10) days notice of the inspection.

**K.** **Record-Keeping**

82.     For the duration of the Decree, Defendant shall establish a record-keeping procedure that provides for the maintenance of all records necessary to demonstrate its compliance with this Decree, including but not limited to the documents specifically identified below, and to verify that the reports submitted are accurate.  Defendant shall maintain and provide the following documents and log to the EEOC upon request relating to the terms of the Decree:

  a)     All forms acknowledging applicants' receipt of the Notice to Applicants (Exhibit B) and employees' receipt of Defendant's Anti-Discrimination Policies and Procedures in this Decree;

  b)     Documents reflecting the provision of training and materials, and names and positions of all attendees for each session, as described herein;

  c)     Documents related to any employment discrimination complaint, the ensuing investigation, and any resolution of such complaint, as required for the centralized complaint tracking system described in this Decree;

  d)     All documents pertaining to open positions, recruitment, and hiring, including but not limited to postings, advertisements, applications, resumes, interview notes, interview questions, written assessments created by each person involved in the selection process, and any other documents pertaining to the applicant flow log, described in the Decree;

  e)     All documents related to Defendant's Recruitment Plan and its good faith efforts to comply with its Title VII requirements, and

  f)     Communication with applicants, staffing agencies, and other external recruitment/hiring sources including emails, texts, and letters.

L.      **Reporting**

83.     The Defendant's EEO Coordinator will provide semi-annual reports to the EEOC throughout the duration of the Decree starting six (6) months from the Effective Date.  These reports shall provide:

a)      A statement confirming that Defendant has posted the Website Statement of Equal Opportunity (paragraphs 48-49), has posted the Notice of Lawsuit and Resolution (Exhibit B), and has consistently provided the Notice to Applicants and Letter to Staffing Agencies to applicants and clients during the reporting period;

b)      A statement confirming that Defendant maintains anti-discrimination policies and procedures, and distributes them to employees as required by this Decree;

c)      A statement confirming that Defendant tracks discrimination complaints and investigations, and that Defendant has established a toll-free hotline for applicants and employees to submit complaints, as required by this Decree);

d)      Descriptions of complaints received during the reporting period regarding discrimination based on race, national origin, sex, or disability in recruitment and/or referral, and feedback about Defendant's investigations and resolutions (paragraphs 65-68);

e)      A statement confirming Defendant's compliance with the anti-discrimination training required by this Decree;

f)      A copy of Defendant's Recruitment Plan, and documents related to and implementation of the Recruitment Plan;

g)      The Applicant Flow Log containing the information as set forth above and the Applicant Data within the last six (6) months, including quantification and description of any disparities based on race, national origin, or sex;

h)      ocuments and reporting on Defendant's Best Efforts to achieve the hiring goals, including job postings, applications, and documents related to the selection of direct hires and referral workers and their placement into laborer and driver positions.  The EEOC will review and report on whether Defendant has reached the hiring goals. If the Defendant fails to meet the hiring goals, the EEOC shall assess and report on what additional steps are needed to achieve compliance;

i)      The EEO Coordinator shall also report on Defendant's efforts to ensure that the workforce is not segregated by sex;

j)      Any underlying documents to support compliance under this Decree.

84.     The Defendant shall report to the EEOC at least one hundred eighty (180) days prior to the expiration of the Decree covering all its responsibilities and providing feedback regarding Defendant's compliance with this Decree.

## XI.   <u>COSTS AND ATTORNEY'S FEES</u>

85.     Each Party shall bear its own costs of suit and attorneys' fees. Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XII.   <u>MISCELLANEOUS PROVISIONS</u>

86.     During the term of this Decree, Defendant shall provide any potential purchaser of its business, or a purchaser or transferee of all or a portion of Defendant's assets, and to any other potential successor, about the EEOC's lawsuit, the allegations raised in the Complaint, and the existence and contents of this Decree. Defendant will provide any potential successor with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of Defendant's facilities, or any other material change in corporate structure that would affect Defendant's operations.

87.     During the term of this Decree, Defendant will provide written notice to the EEOC within ten (10) days before any transfer, sale, merger, *de facto* merger, or consolidation of all or a portion of Defendant's assets, or other action providing for a third party to assume control or management over the operation of Defendant's business in whole or in part.  At EEOC's request, Defendant shall provide within ten (10) days all supporting documents.

88.     During the term of this Decree, Defendant and its successors shall ensure that each of its directors, officers, human resource personnel, managers, supervisors, and team managers are aware of any term(s) of this Decree which may be related to his/her job duties.

89.     Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

90.     Defendant shall produce any documents related to this Decree to the EEOC within sixty (60) days of a written request by the EEOC for such records. The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

91.     The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).The Defendant's EIN is: 95-4492100. The individual to whom the EEOC should mail a copy of form 1098-F, if the EEOC is required to issue one, is: Radiant Services Corp. Attn: Charles Keywanfar 651 Knox Street Gardena, CA 90248.

92.     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal

Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

93.     Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## COUNTERPARTS AND SIGNATURES

94.     Each signatory to this Decree certifies that each is fully authorized to execute this Decree and to bind the Parties on whose behalf each signs.

95.     This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect as an original signature or copy thereof. All Parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.


Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


Date:  August 5, 2024          By:    _/s/ Anna Y. Park_____
                                     Anna Y. Park
                                     Attorney for Plaintiff, EEOC

                                     RADIANT SERVICES CORP.


Date:  August 2, 2024          By:    _/s/ Charles Keywanfar_____
                                     Charles Keywanfar
                                     Radiant Services Corp.

Agree as to form.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date:  August 5, 2024          By:    */s/ Nakkisa Akhavan*
                                      Nakkisa Akhavan
                                      Attorney for Plaintiff, EEOC

RADIANT SERVICES CORP.

Date:  August 2, 2024          By:    */s/ John A. Cone, Jr.*
                                      John A Cone, Jr.
                                      Attorney for Defendant, Radiant Services
                                      Corp.

## ORDER

The provisions of the foregoing Consent Decree are fair, reasonable, and adequate.  The Consent Decree is hereby approved and compliance with all provisions thereof is HEREBY ORDERED.  The Court hereby retains jurisdiction over this Consent Decree until its termination.

IT IS SO ORDERED.

Dated: August 6, 2024
                                      _____
                                      HON. GEORGE H. WU,
                                      United States District Judge